RONALD D. KENT (Bar No. 100717)
ronald.kent@dentons.com
DENTONS US LLP
4675 MacArthur Court, Suite 1250
Newport Beach, California  92660
Telephone:  (949) 732-3700
Facsimile:  (949) 732-3739

WILLIAM T. O'BRIEN (pending admission *pro hac vice*)
william.obrien@dentons.com
DENTONS US LLP
1900 K Street, N.W.
Washington, D.C. 20006
Telephone:  (202) 496-7500
Facsimile:  (202) 496-7756

Attorneys for Defendant
Thales Avionics, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAMAR INTERNATIONAL, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>THALES AVIONICS, INC., a Delaware corporation; THALES, S.A., a public joint stock company organized under the laws of France; JEAN-MARC BUDIN, an individual; and DOES 1 through 20, inclusive<br><br>Defendants. | Case No. 8:18-CV-2217<br><br>**NOTICE OF REMOVAL**<br><br>Orange County Superior Court<br>Case No. 30-2018-01031861-CU-BC-CXC<br><br>[Civil Case Cover Sheet, Notice of Interested Parties and Corporate Disclosure Statement filed concurrently]<br><br>Complaint Filed:  Nov. 8, 2018<br>Trial Date:  None Set |

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Thales Avionics, Inc. ("Thales Avionics"), by and through its

undersigned counsel, hereby removes this proceeding, entitled *Wamar International, LLC v. Thales Avionics, Inc., Thales, S.A. and Jean-Marc Budin*, Case No. 30-2018-01031861-CU-BC-CXC, currently pending in the Superior Court of the State of California, County of Orange ("Superior Court"), to this Court. The grounds for removal are as follows:

## I. BACKGROUND AND PARTIES

Plaintiff Wamar International, LLC ("Wamar") filed its complaint on November 8, 2018 ("Complaint").[1] Thales Avionics was served with the Complaint on November 14, 2018.[2] Thales Avionics has no knowledge that Mr. Jean-Budin, a French national, has been served with process. Wamar's counsel has claimed to counsel for Thales Avionics that Wamar has served Thales, S.A, but such purported service appears to be improper and ineffective. Nevertheless, in an abundance of caution, Thales Avionics submits a statement from Thales, S.A. consenting to removal, which is attached as Exhibit 2. In that consent, Thales, S.A., reserves its right to object to Wamar's purported service upon it and move to quash, along with its right to seek dismissal for the lack of personal jurisdiction and its right to compel arbitration.

Wamar's Complaint raises fourteen (14) causes of action ranging from breach of contract to quantum meruit, which all arise out of the same allegations. The crux of Wamar's causes of action is that Thales Avionics, coordinating with the other two defendants, entered into agreements with Wamar but then refused to pay the allegedly promised compensation. Among these causes of action is a federal claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961 et seq.

---

[1] True and correct copies of all process, pleadings, and orders served upon defendants are attached as Exhibit 1.

[2] Aside from removing the above-mentioned matter from the Superior Court to this Court, Thales Avionics is not waiving any rights, defenses, or objections, including its right to compel arbitration.

Wamar seeks $240.75 million in actual damages, $720 million in exemplary damages, and $720 million in RICO damages. Ex. 1, Complaint at Section V. Prayer. Put another way, the damages alleged for its federal RICO claim is nearly half of the damages Wamar seeks in its prayer for relief.

## II.  BASIS FOR REMOVAL

Thales Avionics may properly remove this case to this Court pursuant to 28 U.S.C. § 1441(a). The Court has original subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Complaint asserts a federal statutory claim. Specifically, the Complaint asserts in the thirteenth cause of action RICO violations under 18 U.S.C. §1961 et seq., based on alleged wire and mail fraud under 18 U.S.C. §§ 1341 and 1343, and alleged money laundering under 18 U.S.C. § 1956. Ex. 1, Complaint at ¶¶352-71. Further, Wamar seeks damages, fees, and costs pursuant to 18 U.S.C. § 1964(c). *Id.* at ¶371.

It is well established that when a complaint "alleges a RICO claim, which is a claim created by federal law, it is an action within the Court's original jurisdiction. As an action within the Court's original jurisdiction, Defendants could properly remove it to this Court." *Tap Holdings LLC v. PNC Bank*, CV 08-6310 PA (JTLx), 2008 U.S. Dist. LEXIS 126946, at *5 (C.D. Cal. Nov. 24, 2008); *see also, Brewer v. Wells Fargo Bank, N.A.*, CV 13-03207 DMG (VBK), 2013 U.S. Dist. LEXIS 193676, at *10-11 (C.D. Cal. Jul. 16, 2013) (noting that "RICO is a federal statute which establishes federal question jurisdiction" making it proper to remove case to federal court); *Bogosian v. CR Title Servs.*, 5:11-cv-02043 EJD (HRL), 2011 U.S. Dist. LEXIS 91072, at *5-7 (N.D. Cal. Aug. 16, 2011) (noting that "court may exercise removal jurisdiction" based upon the finding that "the complaint raises federal questions [e.g., RICO claims] on its face"); *Destfino v. Kennedy*, CV-F-08-1269 LJO DLB, U.S. Dist. LEXIS 95149, at *3-4 (E.D. Cal. Nov. 12, 2008) (noting that "the RICO claim is a federal claim and which appears on the face of the complaint" making is sufficient removal from state court to

federal court). Further, "[w]hile the action could have remained in state court, the decision to remove the action was squarely within Defendant's power." *Tap Holdings*, 2008 U.S. Dist. LEXIS 126946 at *6.

Here, a claim created and governed by federal law appears on the face of Wamar's Complaint. Wamar's federal RICO claim not only raises a substantial federal question but is based on a common nucleus of operative facts as its state-law claims. Specifically, Wamar's RICO allegations not only rely upon but echo the same allegations that Thales Avionics, coordinating with the other two defendants, entered into agreements with Wamar but then refused to pay allegedly promised compensation. *E.g., Cf.*, Ex. 1, Complaint at ¶¶172, 184 *and* 202 *with* ¶¶354 *and* 358. Thus, "this Court has supplemental jurisdiction over [Wamar's] state law claims" under 28 U.S.C. § 1367. *Destfino*, 2008 U.S. Dist. LEXIS 95149 at *5-6 (citing *Brady v. Brown*, 51 F.3d 810, 815 (9th Cir. 1995)). As such, the Court has jurisdiction over all the claims asserted by Wamar in its Complaint.

### III. REMOVAL TO THIS COURT IS TIMELY AND PROPER

Thales Avionics has filed this Notice of Removal within thirty days of November 14, 2018, when it was served with the Complaint. Therefore, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b). Thales Avionics has further attached hereto a copy of all process, pleadings, and orders served upon defendant pursuant to 28 U.S.C. § 1446(a).

As noted above, Thales Avionics has no knowledge that Mr. Jean-Marc Budin has been served with the Complaint. This, however, does not pose a procedural defect at this stage. "[D]efendants who have not been properly served at the time the removal notice is filed are not required to join, and their consent can be subsequently obtained." *Bogosian*, 2011 U.S. Dist. LEXIS 91072 at *7-8 (citing *Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011)). Indeed, Thales Avionics has fulfilled its obligation under 28 U.S.C. § 1446(b) by explaining in the affirmative above that Budin is effectively non-joining defendants due to Wamar's

failure to properly serve them at the time of this removal action. *Id.* (citing *Prize Frize, Inc v. Matrix Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), superseded by statute on other grounds, 28 U.S.C. § 1453(b)).

As evidenced by the written consent attached as Exhibit 2, Thales S.A. consents to this removal.

Finally, pursuant to 28 U.S.C. § 1446(d), Thales Avionics will promptly serve on Wamar and file with the clerk of the Superior Court this Notice, together with written notice thereof. Thales Avionics will also file with this Court a certificate of service upon Wamar and of the filing with the Superior Court.

## IV. CONCLUSION

Wherefore, Thales Avionics respectfully removes this proceeding, entitled *Wamar International, LLC v. Thales Avionics, Inc., Thales, S.A. and Jean-Marc Budin*, Case No. 30-2018-01031861-CU-BC-CXC, currently pending in the Superior Court of the State of California, County of Orange, to this Court.

Dated: December 13, 2018

Respectfully submitted,

DENTONS US LLP

By: /s/ Ronald D. Kent
Ronald D. Kent

Attorneys for Defendant
Thales Avionics, Inc.